**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**OAKWOOD CAPITAL MANAGEMENT, LLC**                                                          **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO.: 1:08CV151-B-D**

**MARGARET LISA LONGENECKER DONOVAN, ET AL.**                  **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Oakwood Capital Management, LLC, ("Oakwood") is a registered investment advisor that entered into written agreements to manage certain assets with various individuals and trusts named here as defendants (collectively referred to as "the Longeneckers"). The written agreements between Oakwood and the Longeneckers each contain an arbitration clause requiring claims and disputes thereunder to be resolved before the American Arbitration Association ("AAA") in Los Angeles, California.

The Longeneckers instituted an arbitration proceeding against Oakwood before the AAA in Los Angeles, on April 30, 2007, citing violations of the investment contract and Oakwood's fiduciary duties as causes of action. The Longeneckers also attempted to bring Renasant Bank into that arbitration. Renasant Bank of Tupelo, Mississippi, is a named trustee for certain of the Longenecker trusts but not a signatory on those written agreements between Oakwood and the Longeneckers. As a result, Renasant Bank filed a complaint for declaratory relief in the Chancery

Court of Monroe County, Mississippi, seeking a declaration that because it was not a signatory to the agreements containing an arbitration clause between Oakwood and the Longeneckers, it could not be forced to litigate in that forum. At the March 7 hearing, the chancery court granted Renasant Bank a permanent injunction which ordered that Renasant Bank was not required to participate in the California arbitration proceeding. The chancery court further found that the rights of Renasant Bank would be necessarily affected by the claims by and against Oakwood being brought by the Longeneckers in the California arbitration. As further clarification of his order, the chancellor added to the record some months later that the injunction permanently enjoined the entire arbitration proceeding instituted in California as it related to Oakwood and the Longeneckers as well. The chancellor also held that the Chancery Court of Monroe County had "exclusive jurisdiction of the grandchildren's trust and all other claims involving the rights of minors."[1]

On March 28, 2008, the day after the chancery court entered the order granting permanent injunction, Oakwood filed a complaint for declaratory relief in this court seeking to compel the Longeneckers to submit to arbitration and stay the chancery court proceeding pending resolution of the arbitration.

The Longeneckers filed two motions to dismiss, both premised on the same legal arguments and assertions. Oakwood has also filed a motion to compel arbitration. Because the motions to dismiss are dispositive here, it is not necessary for the court to reach Oakwood's contentions in their motion to compel arbitration.

---

[1] Those trusts designated as the "grandchildren's trust" are the Kimberly Lauren Elizabeth Donovan Trust, Michael Thomas Donovan Trust, Jonathon Bryan Allen Donovan Trust, and the Longenecker Grandchildren's Trust. All of these trusts are involved in the California arbitration proceedings, the Monroe County Chancery Court action, and the present action.

Motion to Dismiss Standard

A motion to dismiss premised on Rule 12(b)(1) attacks the court's jurisdiction to hear and decide any issues in the case. Fed. R. Civ. P. 12(b)(1). The court may therefore address such a motion that is asserted at any time during the pendency of the litigation or even upon its own motion. *See Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted "only if it appears certain that the plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not, and may even resolve issues of contested facts. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). If, however, the court limits its review to the face of the pleadings, the safeguards under Rule 12(b)(6) apply. If the court considers external matters to the pleadings in deciding a 12(b)(1) motion, the allegations of the complaint need not be taken as true. If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record.

Analysis

The Longeneckers assert that this Court lacks jurisdiction to hear this case under the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

3

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Under the *Rooker-Feldman* doctrine, the lower federal courts are without any authority/power/jurisdiction to modify or reverse a judgment rendered by a state court." *In re Bayhi*, 528 F.3d 393, 402 (5th Cir. 2008) (citing *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)). *See also Hawkins v. Hutchison*, 277 Fed. Appx. 518, 520 (5th Cir. 2008) (affirming dismissal of federal court claim under the *Rooker-Feldman* doctrine where the "claim in the present case merely [sought] review of the state court's orders" and noting that the district court is "powerless to engage itself in such a review.").

*Rooker-Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are "inextricably intertwined" with state court decisions. *See Feldman*, 460 U.S. at 486-87; *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The "inextricably intertwined" prong of the doctrine bars a claim that was not actually decided by the state court but where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731. Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

The Longeneckers assert that the four requisites for implication of the *Rooker-Feldman* doctrine are present here and that this court must, therefore, dismiss this action for lack of jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 284.

4

Oakwood Management filed this federal lawsuit one day after the entry of the chancery court's order permanently enjoining the arbitration proceedings in California. In particular, Oakwood seeks a declaration that the Longeneckers "must pursue their claims against Oakwood in the proper forum, arbitration" and requests a stay of the Monroe County Chancery Court action. Oakwood also wants "an adjudication from this court that stays the claims [the Longeneckers] are attempting to pursue in the Chancery Court of Mississippi, as they are in direct violation of the arbitration clauses of the Investment Management Agreements upon which all claims against Oakwood in all forums are based."

On March 7, 2008, the Monroe County chancellor held a hearing on Renasant Bank's motion for permanent injunction. At that hearing, counsel for Oakwood waived its appearance and did not actively participate. The requested permanent injunction sought to estop the Longeneckers from proceeding against Renasant Bank in the arbitration proceeding. The parties acknowledged at that hearing that the arbitration proceeding had been put on hold pending the outcome of the permanent injunction hearing because of Oakwood's contention that Renasant Bank was a necessary party to that arbitration proceeding. Oakwood, therefore, recognized at or prior to the injunction hearing that it did have an interest in the permanent injunction decision, i.e., whether or not Renasant Bank would be subject to the jurisdiction of the pending arbitration action.

After invoking Section 159 of the Mississippi Constitution regarding chancery court jurisdiction, the chancellor read into the record the arbitration clause in the investment agreement and concluded that the Monroe County Chancery Court had jurisdiction over all claims brought by Renasant Bank, the Longeneckers, "or any other parties." The order entered by the chancellor stated:

> The defendants in this case are hereby permanently ordered and enjoined from pursuing the claims which have been asserted against Renasant Bank in the pending arbitration action or from otherwise taking any further action of any kind in such arbitration action affecting the rights of Renasant Bank.

When asked specifically whether the permanent injunction covered the arbitration proceeding between the Longeneckers and Oakwood Management, the chancellor stated, "It does."

This court is satisfied that Oakwood qualifies as a "state court loser" under *Rooker-Feldman. See Exxon Mobil Corp.*, 544 U.S. at 284 (listing the first requisite of the *Rooker-Feldman* doctrine as brought by a "state court loser"). The chancellor retained "exclusive jurisdiction" over all of the minors' claims and the grandchildren's trusts. Moreover, the permanent injunction was entered against "all defendants," and according to the chancellor's clarification, estopped the entire arbitration proceeding from going forth. Oakwood has made it clear by their stance in state court, filings in federal court, and inclusion of an arbitration clause in their contracts, that they would prefer to arbitrate this matter. Oakwood, thus, did not succeed on the permanent injunction issue as the chancery court held that it had exclusive jurisdiction over the matter and enjoined the arbitration proceeding. Here, the injury to Oakwood was caused by the state court action. *See Jackson v. Thibodeau*, 2008 U.S. App. LEXIS 24262 (5th Cir. Nov. 26, 2008) (where the state court claimed exclusive jurisdiction over the trust at issue, the district court's dismissal of the federal court action under *Rooker-Feldman* was affirmed).

Oakwood voluntarily waived its right to enter an appearance and make argument at the hearing. Oakwood was thus given the opportunity to make its position known at that time. The fact that Oakwood did not actively participate and assert its claims at the permanent injunction hearing does not prevent *Rooker-Feldman* from barring the instant litigation. *See MAPP Constr., LLC v.*

*M&R Drywall, Inc.*, 294 Fed. Appx. 89, 91 (5th Cir. 2008). Indeed, "[a]ll that matters is that [Oakwood] undeniably enjoyed a reasonable opportunity to raise its [arbitration] claims in state court." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000). "*Rooker-Feldman* requires no more." *Id.*

The chancery court's injunction of the arbitration proceedings against Renasant Bank halted that entire proceeding. Moreover, the chancellor's assertion of exclusive jurisdiction over the minors' claims and grandchildren's trusts precluded Oakwood from continuing the arbitration proceedings against those four entities. Oakwood's declaratory action in this court to compel arbitration seeks a repudiation of the state court judgment. Oakwood is specifically asking that this court compel the Longeneckers to engage in arbitration with it even though there is already an ongoing arbitration proceeding. Unfortunately, the entire arbitration proceeding has been stayed by the chancery court's order on permanent injunction. Indeed, on April 11, 2008, the Longeneckers filed a Notice of Stay Pursuant to Permanent Injunction with the AAA. In that notice, the Longeneckers explained that the Mississippi chancery court held that it had exclusive jurisdiction over the grandchildren's trusts and that all actions affecting the rights of Renasant Bank are permanently enjoined. Further, because the Longeneckers filed required counterclaims in the Mississippi action against Oakwood and Renasant Bank, the arbitration of those same issues must be stayed pending the outcome of the Mississippi case. Therefore, any action that this court could take on this matter would be perhaps a modification or reversal of the chancery court action.

The court finds instructive the recent Fifth Circuit case of *MAPP Construction, LLC v. M&R Drywall, Inc.*, 294 Fed. Appx. 89 (5th Cir. 2008). In that case, MAPP instituted an arbitration action against M&R for defective work in which a special arbitrator rendered a partial interim award against

M&R. *MAPP Constr.*, 2008 U.S. Dist. LEXIS 27934, at *4. M&R refused to participate in the arbitration proceeding and instituted a state court action. *Id.* at *3-4. MAPP filed a motion to stay and motion to direct the parties to arbitrate pursuant to a subcontract agreement in a Louisiana state court. *Id.* at *4. The trial court denied that motion and concluded that the contractual provisions regarding arbitration did not bind the subcontractor to submit disputes with MAPP to arbitration. *Id.* at 90.

After denial of its appeals in the state court system, MAPP brought suit in federal court, again asserting that M&R was bound to arbitrate under the provisions of the Federal Arbitration Act. *Id.* The federal complaint stated that MAPP was a party in a pending arbitration proceeding currently under administration of the AAA and that a special arbitrator issued a partial interim award ordering M&R to be joined as an additional party; thus, MAPP sought a judgment from the district court to confirm the arbitrator's award. *Id.* at *5-6.

The Fifth Circuit ruled that the district court properly dismissed the case for lack of jurisdiction. *Id.* at 90. Holding that the Louisiana state court issued a final ruling of whether M&R was bound to arbitrate, the Fifth Circuit noted that MAPP's claims under the FAA were "undoubtedly inextricably intertwined" with their state court claims attempting to compel arbitration. *Id.* at 91. MAPP argued that because it had not brought its FAA claims in the state court, it was not precluded from asserting a federal court action on those grounds. The Fifth Circuit countered that MAPP had a chance to assert those claims under the FAA, and the fact that they did not assert any argument under the FAA in state court would not prevent the *Rooker-Feldman* doctrine from barring the federal litigation. Further, the court noted that as state courts "have it within both their power and their proper role to render binding judgments on issues of federal law, subject only to review by

8

[the United States Supreme] Court," the Louisiana state court could have properly adjudicated the FAA issue. *Id*. at 91-92.

In the present case, the Mississippi state court issued an order that it had exclusive jurisdiction over certain trusts and minor's claims, that Renasant Bank was not bound to arbitrate, and that the arbitration proceeding was permanently enjoined. This court thus finds that Oakwood's claims seeking to compel arbitration are "undoubtedly inextricably intertwined." The *Rooker-Feldman* bar applies to claims such as this one where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *See also Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 315 (4th Cir. 2003) (holding that where a federal lawsuit was the "functional equivalent" of an appeal of a state court decision, the federal action was properly dismissed for lack of subject matter jurisdiction). In order to agree with the plaintiff's position and compel arbitration, this court would have to necessarily determine that the Monroe County Chancery Court wrongly decided that a permanent injunction against the arbitration proceedings was appropriate and therefore act as an appellate court from the chancery court's order. Accordingly, the *Rooker-Feldman* doctrine precludes this court from asserting subject matter jurisdiction over this matter.

Conclusion

By approaching this court and attempting to litigate the arbitration issue, Oakwood is attempting to override the state court's adjudication enjoining the arbitration action from proceeding. In other words, Oakwood is attempting to use this federal district court as an appellate court for a state court ruling. The proper remedy for Oakwood is to appeal the allegedly erroneous ruling of the

9

Monroe County Chancery Court through the appropriate state court appellate procedure. For the foregoing reasons, this court does not have jurisdiction over this action; therefore, the case must be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 24th day of March, 2009.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**